IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOE S. KIRKLAND  § PLAINTIFF
§
§
v. § Civil Action No. 1:17cv141-HSO-JCG
§
§
INGALLS SHIPYARD, *et al.* § DEFENDANTS

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. The Court has a continuing duty to examine its subject-matter jurisdiction and dismiss any action over which it lacks such jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Warren v. United States*, 874 F.2d 280, 281-82 (5th Cir. 1989); Fed. R. Civ. P. 12(h)(3). For the reasons that follow, the Court finds that it lacks subject-matter jurisdiction, and this case must be dismissed without prejudice.

## I. BACKGROUND

Plaintiff Joe S. Kirkland ("Plaintiff") filed a pro se Complaint [1] on May 4, 2017, Compl. [1] at 1, along with a Motion [2] for Leave to Proceed In Forma Pauperis, Mot. [1] at 1-5. The Complaint names Ingalls Shipyard, John Manville, and Fibre Board as Defendants, Compl. [1] at 1-2, and asserts that the basis of the Court's subject-matter jurisdiction is federal question jurisdiction, *id.* at 3. According to the Complaint, Plaintiff worked at Ingalls Shipyard "in the 70s to the 90s and was exposed to asbestos which caused his illness." *Id.* at 4. The Complaint

purports to advance claims under the Eighth and Fourteenth Amendments to the United States Constitution, *id.* at 3, and seeks $2 million in damages, plus punitive damages in the amount of $2 million, *id.* at 4.

Because the Court questioned the existence of its subject-matter jurisdiction, on May 9, 2017, the Magistrate Judge entered an Order [4] requiring Plaintiff to file a written statement providing the Court with certain information pertaining to federal question and diversity jurisdiction. Order [4] at 5. Plaintiff has filed a Response [7] which only addresses the Magistrate Judge's questions as to federal question jurisdiction, but not as to diversity jurisdiction. *See* Order [4] at 2-4; Resp. [7] at 2-3.

## II. <u>DISCUSSION</u>

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (quoting *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1,* 665 F.2d 594, 595 (5th Cir. 1982)). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Defendants appear to be private companies and not government actors. The Magistrate Judge asked Plaintiff whether he was alleging that each Defendant acted under color of state law or engaged in state government action, or acted under

color of federal law or engaged in federal government action, and if so, to specifically identify the facts on which his position is based. Order [4] at 2-3. Plaintiff responded "yes" to many of these questions, but did not provide sufficient facts to explain how these private entities could be considered government actors. Resp. [7] at 2-3. Plaintiff's conclusory responses are not sufficient to establish federal question jurisdiction.

Plaintiff has not pled sufficient facts which would suggest that any Defendant acted under color of state or federal law or engaged in any state or federal government action. The Complaint appears to assert only state-law claims. Based upon the current record, the Court cannot conclude that federal question jurisdiction exists.

Even though Plaintiff did not invoke diversity jurisdiction, the Court sua sponte considers whether diversity jurisdiction existed at the time the Complaint was filed. 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Plaintiff lists his address, as well as those of Defendants Ingalls Shipyard and John Manville, as in Mississippi. Compl. [1] at 1-2. The Complaint [1] and Response [7] set forth no other jurisdictional facts in this regard. Based upon the record, complete diversity of citizenship is lacking.

III. CONCLUSION

Plaintiff has not shown that this Court possesses federal subject-matter

jurisdiction.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that this civil action is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.

**SO ORDERED** this the 6th day of June, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE